FILED

Dec 29   I 05 PM '03

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA CARPENTINO | : |
| VS. | : NO. 3:01CV1663(JGM) |
| MICHAEL D'AMATO and GARY DEPALMA | : DECEMBER 29, 2003 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.   BACKGROUND**

On September 7, 2000, One Heather O'Brien called the police after her car was hit with some object as she drove along North High Street in East Haven in the early afternoon. She discovered that a dart board had apparently come from an area near a residential private road. Defendant D'Amato's report states that there were scuff marks on the front bumper of O'Brien's brand new 2001 Toyota. According to his report, D'Amato talked to a man who happened to be standing in the private road (Luis DeLeon) and learned that the dart board had been attached to a tree for years. (Ex. A, Incident Report) One possible conclusion would be that the dart board fell off of the tree, rolled down the hill which is described in the incident report, and smashed into Ms. O'Brien's bumper when it came out into the road. (Ex. A, damage to car was on front bumper)

In any case, the officers decided to investigate. The defendants entered the plaintiff's home and conducted a search of the home. When Nicole Shea, a niece of the plaintiff who lived with her, arrived home from school at about 2:00 P. M., she found two police officers in the house. (Ex. B, Dep. of Nicole Shea, p. 13 -16) The front door of the house was open. (Ex. B, p. 15) A downstairs bedroom was "trashed" (Ex. B, p. 17)

Nicole came home that day with her cousin, Stephanie Carpentino. A neighbor, Dolly, told them that the police had asked her about the plaintiff's home, she had told them that no one was at home, and the police had gone into the house. (Ex. B. p. 10) Nicole and Stephanie called Linda Carpentino, Stephanie's mother, and she arrived home shortly thereafter.

At her deposition, Nicole Shea stated that she believed that the property damage to her cousin's bedroom downstairs was caused by the defendants. (Ex. B, pps. 17-21) A television had been thrown against the wall, causing damage to the wall and the tv.

## II.  STANDARD FOR SUMMARY JUDGMENT

When passing upon a motion for summary judgment, the district may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury.  In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996).  Rather, the court must resolve any ambiguities and draw all inferences against the moving party.  Cargill, Inc. v.

Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party,

summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"A party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law....The moving party is said to bear both the initial burden of production and the ultimate burden of persuasion on the motion....A nonmoving party, even though having the ultimate burden at trial, may indeed have no obligation to offer evidence supporting its own case unless the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132-33 (1st Cir. 2000).

A party opposing summary judgment may do so by an affidavit clarifying that party's prior deposition testimony. Ramos v. Geddes, 137 F.R.D. 11 (S.D. Tex. 1991). Hearsay evidence, while not admissible in support of a motion for summary judgment, is sufficient to defeat a summary judgment motion so long as there is reason to believe that the evidence can be offered in an admissible form at trial. McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1990); Tetra Technologies, Inc. v. Harter, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); Cerniglia v. LeVasseur, 19 Conn. L. Rptr. No. 4, 119 (1997).

### III. ARGUMENT

The memorandum of law states that defendant D'Amato decided that the report of an unidentified motorist was sufficient to permit him to enter the property of the plaintiff, inspect her home, and make a search; that this "report" was sufficient to climb over the "exigent circumstances" hurdle.

We do not have any affidavit from defendant D'Amato attached to the Defendant's Local Rule 56(a) Statement, or event the police incident report. (The incident report attached as Ex. 2 is dated 9/27/00.) What is the factual basis for this argument other than the plaintiff's recollection of what defendant D'Amato told her when she arrived home during the search? The defendants' "evidence" produced here is insufficient to meet the exigent circumstances test.

The paucity of the defendants' evidence also defeats the qualified immunity argument. Police officers should not enter citizens' homes on a whim. Nicole Shea described an open front door to the house in her deposition. She also mentioned that the officers repeatedly referred to an open sliding glass door at the back of the house in order to explain their presence in the home. (Ex. B, p. 17-18)

Although the defendants met a man standing in the road, Mr. DeLeon, they did not search his home. They did not search Dolly's home; the tree with the dart board was on her property. (Ex. B, pps. 10, 24-5)

Defendants cite a recent district court case from the Western District of Virginia, U. S. v. Porter, to describe the "exigent circumstances" exception to the warrant requirement. (Def. Ex. 1) Why did they cite a district court case (a criminal case) from another circuit?

The defendants' motion was not accompanied by affidavits of knowledgeable officers supplying their version of the relevant events or their explanations for their actions for that matter, by any evidence at all rebutting the plaintiff's allegations. On this record, the defendants are not entitled to summary judgment. Bennett v. Goord, 343 F. 3d 133 (2nd Cir. 2003).

## IV. CONCLUSION

WHEREFORE, plaintiff respectfully requests that defendant's Motion for Summary Judgment be denied.

THE PLAINTIFF

BY: _____
KATRENA ENGSTROM (ct09444)
WILLIAMS AND PATTIS, LLC
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Hugh Keefe, Esq., P. O. Box 1612, New Haven, CT 06506.

_____
KATRENA ENGSTROM